United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY NICHOLS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., a National Association,

    Defendant.
_____/

No. C-15-3564 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING**

Before the Court is defendant Wells Fargo Bank, Inc.'s "Motion to Dismiss Complaint," filed September 8, 2015. Plaintiff Mary Nichols has filed opposition,[1] to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 30, 2015, and rules as follows.

    1. The First Claim for Relief, titled "Rosenthal Fair Debt Collection Practices Act[,] Cal. Civ. Code § 1788 et seq," is subject to dismissal.

---

[1] The chambers copy of plaintiff's opposition was submitted in double-sided format. For future reference, plaintiff is directed to submit in single-sided format all chambers copies of documents. See Civil L.R. 3-4 (setting forth requirements for "papers presented for filing"); Civil L.R. 3-4(c)(2) (providing "text must appear on one side only").

     a. The Rosenthal Fair Debt Collection Practices Act ("RFDCPA") prohibits certain forms of "debt collection," which term is defined as "any act or practice in connection with the collection of consumer debts." See Cal. Civ. Code § 1788.2(b). A "consumer debt" is defined as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction," see Cal. Civ. Code § 1788.2(f), and a "consumer credit transaction" is defined as a "transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes," see Cal. Civ. Code § 1788.2(e). Plaintiff fails to allege any facts to support a finding that the property at issue, specifically, 761-763 Waller Street, San Francisco, California (see Compl. ¶¶ 1, 10), is used by plaintiff "primarily for personal, family, or household purposes," see Cal. Civ. Code § 1788.2(e), and, consequently, fails to allege any facts to support a finding that Barrett Daffin Frappier ("Barrett"), defendant's alleged agent, was engaging in "debt collection," within the meaning of the RFDCPA, when it engaged in the challenged conduct.

     b. Moreover, plaintiff fails to allege sufficient facts to support her conclusory allegations that Barrett violated the RFDCPA by making a "false representation" to plaintiff (see Compl. ¶ 18) and/or engaging in "unfair and unconscionable means to collect or attempt to collect [the] debt" (see Compl.¶ 19). Although plaintiff appears to base such claims on her allegation that she "informed [defendant] that this payment was not owed" (see Compl. ¶ 20), plaintiff fails to allege that she, in fact, did not owe such amount to defendant.[2]

---

[2] Defendant also notes that the RFDCPA exempts from the definition of "debt collector" an "attorney or counselor at law," see Cal. Civ. Code § 1788.2(c), and argues that Eliana Moore ("Moore"), who appears to be the person who acted on behalf of Barrett (see Compl. Ex. B), is an attorney. The complaint, however, includes no allegation that Moore is an attorney, and, to the extent defendant may be relying on Moore's having stated in a writing that she is an attorney (see Compl. Ex. D), such statement by Moore is not binding on plaintiff. Cf. Carney v. Rotkin, Schmerin & McIntyre, 206 Cal. App. 3d 1513, 1526 (1988) (affirming dismissal of RFDCPA claim where "complaint show[ed] on its face" defendant was attorney).

1    2. The Second Claim for Relief, titled "Unfair Competition Law [,] Cal. Bus. & Prof. Code §§ 17200 et seq," is subject to dismissal. As pleaded, the Second Claim is entirely derivative of the First Claim (see Compl. ¶¶ 22, 24), and, consequently, is subject to dismissal for the reasons stated above with respect to the First Claim. Moreover, plaintiff fails to allege any facts to support a finding that she "has lost money or property" as a result of the alleged debt collection activity. See Clayworth v. Pfitzer, Inc., 49 Cal. 4th 758, 788 (2010 (holding private party cannot bring claim under § 17200 in absence of showing it "has lost money or property as a result of [the] unfair competition") (internal quotation and citation omitted)

   3. The Third Claim for Relief, titled "Financial Elder Abuse," is subject to dismissal. To the extent plaintiff seeks relief under the Welfare & Institutions Code, plaintiff fails to allege any facts showing defendant has "take[n]" plaintiff's real property, see Cal. Welf. & Inst. Code § 15610.30(a), let alone that it took her property "for a wrongful use or with intent to defraud," see Cal. Welf. & Inst. Code §§ 15610.30(a)(1)-(2), or "by undue influence," see Cal. Welf. & Inst. Code § 15610.30(a)(3). To the extent plaintiff seeks relief under the Civil Code, plaintiff fails to allege sufficient facts to support a finding that defendant engaged in "unfair or deceptive acts or practices or unfair methods of competition." See Cal. Civ. Code § 3345(a).[3]

   4. The Fourth Claim for Relief, titled "Intentional Infliction of Emotional Distress," is subject to dismissal. Plaintiff alleges defendant engaged in "intentional, malicious and oppressive" conduct "in a reckless, willful and conscious disregard of [p]laintiff's legal rights" (see Compl. ¶ 40), but alleges insufficient facts to support such conclusory assertions. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding, "[w]hile legal conclusions can provide the framework for a complaint, they must be supported by factual

---

[3]The Civil Code section on which plaintiff relies does not create a cause of action, but, rather, provides, under specified circumstances, for the trebling of a fine or penalty imposed by reason of a defendant's violation of another statute. See id. Plaintiff, however, does not seek imposition of a fine or penalty under another statute, and, consequently, for this additional reason, fails to allege entitlement to relief under § 3345(b).

3

allegations"); see also Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) (holding claim for intentional infliction of emotional distress must be based on conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community"); Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (dismissing claim for intentional infliction of emotional distress where plaintiff failed to allege facts to support finding defendant acted in bad faith in foreclosing on plaintiff's property).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.

If plaintiff wishes to file an amended complaint for purposes of curing any of the deficiencies identified above, plaintiff shall file her First Amended Complaint no later than November 20, 2015. Plaintiff may not, however, add new claims or new defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

Additionally, in light of the above, the Case Management Conference is hereby CONTINUED from November 6, 2015, to January 29, 2016, at 10:30 a.m. A Joint Case Management Conference Statement shall be filed no later than January 22, 2016.

**IT IS SO ORDERED.**

Dated: October 27, 2015

MAXINE M. CHESNEY
United States District Judge